**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **ORLANDO JONATHAN NOVELL,** | § | |
| | § | |
| **Movant,** | § | |
| | § | |
| **V.** | § | **NO. 4:26-CV-352-O** |
| | § | **(NO. 4:23-CR-333-O)** |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Respondent.** | § | |

**MEMORANDUM OPINION AND ORDER**

Came on for consideration the motion of Orlando Jonathan Novell under 28 U.S.C. § 2255 to vacate, set aside, or correct judgment. The Court, having considered the motion, the response, the record, and applicable authorities, concludes that the motion must be **DENIED**.

## I. BACKGROUND

On December 13, 2023, Movant was named in an indictment charging him with conspiracy to possess with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. CR ECF No. 114. He initially entered a plea of not guilty. CR Doc. 257. He later entered into a plea agreement pursuant to which he agreed to plead guilty and the government agreed not to bring any additional charges against him based upon the conduct underlying and related to the plea of guilty. CR ECF No. 372. The plea agreement set forth the penalties Movant faced, including imprisonment for a period of not less than five or more than forty years, the Court's discretion in sentencing, that the plea was freely and voluntarily made and not the result of force, threats, or promises, that Movant waived his right to appeal or otherwise challenge his conviction and sentence except in certain limited circumstances, and that Movant had thoroughly reviewed all aspects of the case with counsel and

was fully satisfied with that lawyer's legal representation. *Id.* He also signed a factual resume that set forth the penalties he faced, the elements of the offense, and the stipulated facts establishing that Movant had committed the offense. CR ECF No. 371.

On March 13, 2024, Movant appeared for rearraignment and testified under oath in open court that: he had discussed the guidelines and how they might apply with counsel; he understood the Court would not be bound by the stipulated facts and that his sentence was within the Court's discretion; he had received a copy of the indictment and understood the charge against him; he understood the essential elements of the charge and admitted that he committed each of them; he was fully satisfied with the representation and advice received from counsel; he signed the plea agreement and read and understood it before he signed it; he understood that he was waiving his right to appeal and had discussed it with counsel before he signed the plea agreement; he knowingly and voluntarily waived his right to appeal; all of the terms of his agreement were set forth in the plea agreement, which he freely and voluntarily entered; no one made any promise or threat to induce him to enter into the plea agreement; he understood the penalties he faced; he signed the factual resume; and, he had read and understood the factual resume before signing it and all the facts stated in it were true and correct. CR ECF No. 695.

The probation officer prepared the presentence report ("PSR"), which reflected that Movant's base offense level was 38. CR ECF No. 564, ¶ 26. He received a two-level adjustment for drug premises. *Id.* ¶ 27. He received a two-level and a one-level adjustment for acceptance of responsibility. *Id.* ¶¶ 33, 34. Based on a total offense level of 37 and a criminal history category of V, his guideline imprisonment range was 324 to 405 months. *Id.* ¶ 109. Movant filed numerous objections, CR ECF No. 581, and the probation officer prepared an addendum to the PSR, rejecting

them. CR ECF No. 599. Movant filed an extensive sentencing memorandum and motion for downward departure and variance. CR ECF No. 615.

The Court sentenced Movant to a term of imprisonment of 324 months. CR ECF No. 661. He appealed, CR ECF No. 666, despite having waived the right to do so. CR ECF No. 372, ¶ 10. Trial counsel filed a motion to withdraw, CR ECF No. 667, which was granted and appellate counsel appointed. CR ECF Nos. 675, 676. Appellate counsel filed a motion to withdraw along with a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). The United States Court of Appeals for the Fifth Circuit concurred with appellate counsel's assessment that the appeal presented no nonfrivolous issue for appellate review and dismissed the appeal. *United States v. Novell*, No. 24-10601, 2025 WL 972969 (5th Cir. Apr. 1, 2025).

## II. GROUNDS OF THE MOTION

Movant asserts two grounds in support of his motion, contending in each that he received ineffective assistance of counsel. ECF No. 3 at 5 & 6.

## III. APPLICABLE LEGAL STANDARDS

### A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

**B. Ineffective Assistance of Counsel**

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong

presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## IV. ANALYSIS

In support of his first ground, Movant argues that appellate counsel rendered ineffective assistance because she filed an *Anders* brief and because she failed to aid him in obtaining sealed documents in support of his defense. ECF No. 3 at 5; ECF No. 1 at 9–11. The filing of an *Anders* brief does not constitute ineffective assistance; rather, an attorney is under an ethical obligation to refuse to prosecute a frivolous appeal and to seek to withdraw if she finds the case to be wholly frivolous. *Anders*, 386 U.S. at 744; *White v. United States*, 23 F. App'x 570, 572 (7th Cir. 2001). Movant waived his right to appeal except in certain limited circumstances not applicable here, CR ECF No. 372, ¶ 10, and the waiver is enforceable. *United States v. Barnes*, 953 F.3d 383, 389 n.11 (5th Cir. 2020). Ineffective assistance of counsel claims are rarely appropriate on appeal because the record must be sufficiently developed for meaningful appellate review. *United States v. Diaz*, 989 F.3d 390, 396 (5th Cir. 2021). Here, the record would not have supported such a claim on appeal. Nor has Movant shown that any other claim would have been viable.

Movant refers to the failure of appellate counsel to assist him in obtaining sealed documents but does not explain how such documents would have given rise to an issue that could have been raised on appeal, much less an issue that would have changed the outcome. One who alleges that counsel was ineffective for failing to investigate must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the case. *United*

*States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989). Conclusory allegations are insufficient to meet either prong of the *Strickland* test. *Miller*, 200 F.3d at 282. Mere failure to comply with Movant's requests does not amount to ineffective assistance of counsel. *See United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000) (failure to present meritless claims is not ineffective lawyering); *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) (same). *See also Sharp v. Puckett*, 930 F.2d 450, 452 (5th Cir. 1991) (counsel is not ineffective merely because he fails to raise issues requested by defendant).

In support of his second ground, Movant alleges that he received ineffective assistance from trial counsel. ECF No. 3 at 6; ECF No. 1 at 13–17. He focuses on the failure of counsel to object to his within-guideline sentence. ECF No. 1 at 15. Such a sentence is presumptively reasonable. *United States v. Tuma*, 738 F.3d 681, 685 (5th Cir. 2013). Counsel filed objections to the PSR, CR ECF No. 581, and sought a downward departure or variance. CR ECF No. 615. This was sufficient to preserve a substantive reasonableness claim. *Holguin-Hernandez v. United States*, 589 U.S. 169, 175 (2020). That counsel did not prevail is not indicative of ineffective assistance. *Youngblood v. Maggio*, 696 F.2d 407, 410 (5th Cir. 1983).

## V. CONCLUSION

For the reasons discussed herein, the relief sought in Movant's motion is **DENIED**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this **4th** day of **August, 2026**.

Reed O'Connor
CHIEF UNITED STATES DISTRICT JUDGE